# Supreme Court of Florida

_____

No. SC13-650
_____

**DEMETRICE ARMICLE MCNEAL,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

[June 5, 2014]

QUINCE, J.

We have for review McNeal v. State, 109 So. 3d 268, 271 (Fla. 1st DCA 2013), in which the First District Court of Appeal found that satisfying the foundational requirements under the past recollection recorded exception to hearsay need not come from the declarant's testimony.[1] At the time that the First

---

1. The past recollection recorded exception provides as follows:

    A memorandum or record concerning a matter about which a witness once had knowledge, but now has insufficient recollection to enable the witness to testify fully and accurately, shown to have been made by the witness when the matter was fresh in the witness's memory and to reflect that knowledge correctly. A party may read into evidence a memorandum or record when it is admitted, but no such memorandum or record is admissible as an exhibit unless offered by an adverse

District issued its decision below, Polite v. State, 41 So. 3d 935 (Fla. 5th DCA 2010), quashed, 116 So. 3d 270 (Fla. 2013), was pending review in this Court. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.

We stayed proceedings in this case pending disposition of Polite, in which we held that the past recollection recorded exception requires the witness to indicate that the events were fresh in his or her mind when the statement was made, as well as attest to the accuracy of the memorandum or record. Polite v. State, 116 So. 3d 270, 278 (Fla. 2013). We then issued an order in the instant case directing Respondent to show cause why this Court should not accept jurisdiction, summarily quash the First District's decision in McNeal, and remand for reconsideration in light of our decision in Polite. Respondent filed a response acknowledging that the victims in both the instant case and in Polite did not vouch at trial for the accuracy or correctness of their written statements. Respondent contends, however, that this Court should decline to accept jurisdiction because the district court below found that even if the publishing of the statement was error, it was harmless. Petitioner filed a reply, asserting that the decision below should be quashed and that we should remand because the district court applied an incorrect standard in finding that the error was harmless.

_____

party.

§ 90.803(5), Fla. Stat. (2013).

Upon consideration of the Respondent's response, and Petitioner's reply thereto, we grant the petition for review, quash the district court's decision in McNeal, and remand this case to the First District for reconsideration in light of this Court's decision in Polite, and a proper harmless error analysis under State v. DiGuilio, 491 So. 2d 1129 (Fla. 1986), if applicable.

It is so ordered.

POLSTON, C.J., and PARIENTE, LEWIS, LABARGA, and PERRY, JJ., concur.
CANADY, J., concurs in result.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal – Direct Conflict of Decisions

First District – Case No. 1D11-6875

(Escambia County)

Diana L. Johnson of Johnson and Lufrano, P.A., Jacksonville, Florida,

for Petitioner

Pamela Jo Bondi, Attorney General, Trisha Meggs Pate, Bureau Chief, Criminal Appeals, and Donna Antoinette Gerace, Assistant Attorney General, Tallahassee, Florida,

for Respondent