ON REMAND FROM THE FLORIDA SUPREME COURT
PER CURIAM.
In McNeal v. State, 140 So.3d 991 (Fla.2014), the Florida Supreme Court quashed this court’s opinion in McNeal v. State, 109 So.3d 268 (Fla. 1st DCA 2013), to the extent it affirmed the trial court’s decision to allow the State to publish the Victim’s handwritten statement pursuant to the past-recollection recorded exception to the hearsay rule. The supreme court remanded “for reconsideration in light of [its] decision in Polite [v. State, 116 So.3d 270 (Fla.2013)], and a proper harmless error analysis under State v. DiGuilio, 491 So.2d 1129 (Fla.1986), if applicable.” McNeal, 140 So.3d at 992.
Pursuant to Polite, we are constrained to hold that the trial court erred by allowing the State to publish the Victim’s written statement, because the Victim did not “vouch for its accuracy or correctness.” Polite, 116 So.3d at 279. Thus, the question we must answer is whether the error was harmless.
The harmless error test ... places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction. Application of the test requires an examination of the entire record by the appellate court including a close examination of the permissible evidence on which the jury could have legitimately relied, and in addition an even closer examination of the impermissible evidence which might have possibly influenced the jury verdict.
... The unique function of the harmless error rule is to conserve judicial labor by holding harmless those errors which, in the context of the case, do not vitiate the right to a fair trial and, thus, do not require a new trial.
DiGuilio, 491 So.2d at 1135 (citation omitted).
Although, in our view, even absent the Victim’s written statement, the State presented sufficient evidence of Appellant’s guilt, this is not sufficient to satisfy the stringent DiGuilio standard that, beyond a reasonable doubt, the erroneous admission of the statement did not contribute to Appellant’s conviction. At trial, a major focus of the State’s questioning of both the Victim and the investigating law enforcement officer was the written statement. This could reasonably have led the jury to place significant weight on the statement, particularly with respect to identifying Appellant as the Victim’s assailant.
*1080 For the foregoing reasons, we REVERSE Appellant’s conviction and sentence, and REMAND for a new trial.
WOLF, THOMAS, and MARSTILLER, JJ., concur.