PER CURIAM.
Appellant was convicted of attempted second-degree murder as a principal for a shooting that occurred during a fight at a bar. He was sentenced to 15 years in prison. This is his direct appeal.
Appellant raises one narrow issue: whether the trial court erred in admitting the victim’s deposition under the past recollection recorded exception to the hearsay rule in section 90.803(5), Florida Statutes (2012),[1] because the State did not establish the foundation necessary to meet the exception. We affirm.
At trial, Appellant objected to the admission of the deppsition based upon a lack of foundation; he did not object on any other ground. The trial court overruled the objection and admitted the deposition based upon the totality of the circumstances test embraced by the court in Polite v. State, 41 So.3d 935 (Fla. 5th DCA 2010) (Polite I). The State concedes that the trial court’s reasoning was erroneous because in Polite v. State, 116 So.3d 270 (Fla.2013) (Polite II), the Florida Supreme Court quashed Polite I and rejected the totality of the circumstances test. Nevertheless, the State argues that we should affirm the trial court’s ruling under the “tipsy coachman” doctrine because the foundation presented below was sufficient under Polite II. Appellant responds that the foundation was not sufficient under Polite II. We agree with the State.
In Polite II, the Court held that “the admission of past recollection recorded under section 90.803(5) requires the witness to indicate that the statement was made at a time when the events were fresh in his or her mind and also attest to the accuracy of the memorandum or record.” 116 So.3d at 278; see also id. at 279 (stating that the witness “must testify that the recorded statement accurately reflects the witness’s knowledge”). Here, unlike several recent cases in which we reversed and remanded for a new trial when the trial court admitted statements under section 90.803(5) based on the totality of circumstances test in Polite I,[2] the victim’s trial testimony established that he then had an insufficient memory of the events surrounding the shooting, that he once had knowledge of these events, that he described the events in his deposition when they were still fresh in his mind, and that he told the truth in his deposition about the events that he remembered at that time. This testimony is sufficient under Polite II to establish the necessary foundation to admit the victim’s deposition under section 90.803(5).
Appellant’s reliance on Kimbrough v. State, 846 So.2d 540 (Fla. 4th DCA 2003), is misplaced. That case involved a declar-ant who “conveniently forgot making the statement” at issue, id. at 542, and the basis of the appellate court’s decision reversing the admission of the declarant’s statement under section 90.803(5) was that the declarant himself “could not testify either that the statement was his or that it was accurate.” Id. at 544. Here, the victim specifically testified that he remembered giving his deposition and he also *31 attested to the truthfulness of what he said in his deposition. Accordingly, Kim-brough is distinguishable.
In sum, for the reasons stated above, we affirm Appellant’s judgment and sentence.
AFFIRMED.
VAN NORTWICK, WETHERELL, and MAKAR, JJ., concur.

. This statute provides an exceptibn to the hearsay rule for "[a] memorandum or record concerning a matter about which a witness once had knowledge, but now has insufficient recollection to enable the witness to testify fully and accurately, shown to have been made by the witness when the matter was fresh in the witness's memory and to reflect that knowledge correctly.”

. See McNeal v. State, 143 So.3d 1078 (Fla. 1st DCA 2014); Cherry v. State, 135 So.3d 1131 (Fla. 1st DCA 2014).